LATESHA MAYES, Appellant, v MALEK ALDOAIS et al., Respondents. [51 NYS3d 900]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered August

10, 2015, which granted the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint are denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the plaintiff alleged in the bill of particulars that she sustained serious injuries to her right shoulder and right wrist, the defendants failed to submit competent medical evidence addressing those alleged injuries (*see generally Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint. Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.